UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY COURTNEY et al., )
                       )
          Plaintiffs,  )    Case No. 4:05-cv-83
                       )
v.                     )    Honorable Gordon J. Quist
                       )
PATRICIA CARUSO et al., )
                       )
          Defendants.  )
_____)

## OPINION

This is a civil rights action brought by five state prisoners pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiffs have failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss the complaint without prejudice.

### Discussion

I.    Factual allegations

Plaintiffs are incarcerated at the Florence Crane Correctional Facility (ACF). In their *pro se* complaint, Plaintiffs sue Patricia Caruso, Director of the Michigan Department of Corrections (MDOC), and seventeen other MDOC employees, most of whom work at ACF. In their fifty-seven-page complaint, Plaintiffs bring several claims concerning their legal mail, legal property, and their right to enter into a legal assistance agreement.

First, Plaintiffs claim that their legal property was seized pursuant to Director's Office Memorandum (DOM) 2005-4 ("Fraudulent Activities Involving the Uniform Commercial Code," formerly DOM 2004-8), in violation of their First, Sixth and Fourteenth Amendment rights. DOM 2005-4 imposed the following restrictions as the result of increased activity by prisoners engaging in various types of fraudulent schemes involving the Uniform Commercial Code (UCC):

> [P]risoners are no longer authorized to have any books, pamphlets, forms or other materials regarding actions that can be taken under the UCC; these materials shall be considered contraband since they can be used to facilitate criminal activity and pose a risk to the custody and security of the facility. (This does not include publications in the law library, such as *Michigan Complied Law Annotated*, that set forth the statute or provide a scholarly legal analysis of the UCC.)
>
> * * *
>
> Prisoners shall not be permitted to use funds in their institutional account to purchase material prohibited by this DOM. In addition, material prohibited by this DOM shall be rejected in accordance with MICH. DEP'T. OF CORR., Policy Directive 05.03.118 "Prisoner Mail" if received through the mail for a prisoner or confiscated in accordance with MICH. DEP'T. OF CORR., Policy Directive 04-07-112 "Prisoner Personal Property" if found in the possession of a prisoner.

Each Plaintiff had legal property seized and/or legal mail rejected pursuant to DOM 2005-4. On June 6, 2005, the Prisoner Mail Policy (Mail Policy) was amended to specifically incorporate DOM 2005-4. See MICH. DEP'T. OF CORR., Policy Directive 05.03.118, ¶ H(22) (effective June 6, 2005).

Plaintiffs Courtney, Cirisan and Day also assert that their incoming legal mail was mishandled by various Defendants. Plaintiffs allege that, notwithstanding their requests to have their legal mail opened in their presence, their incoming legal mail from attorneys and the courts was opened in the mail room. Under the versions of the Mail Policy in effect from May 1, 2002 to June 6, 2005, incoming legal mail for a prisoner who has requested special handling of legal mail was required to be opened and inspected for contraband in the prison mail room. The policy further

required that the mail not be read or skimmed and that it be securely re-sealed before being delivered to the prisoner. On April 15, 2005, Judge Enslen of this Court issued an order enjoining the MDOC "from opening (outside the prisoner's presence) the legal mail of any prisoner who properly requests, or has previously requested, that his or her legal mail be opened only in his or her presence." *See Mallory-Bey v. MDOC et al.*, 1:04-cv-137 (W.D. Mich.) (docket #32). As a result of the Court's order, the MDOC revised the Mail Policy such that incoming legal mail for a prisoner who has requested special handling of legal mail must be opened in the prisoner's presence. See MICH. DEP'T. OF CORR., Policy Directive 05.03.118, ¶ EE (effective June 6, 2005). Plaintiffs Cirisan and Day further claim that Defendants required them to present their outgoing legal mail unsealed in violation of their First, Sixth and Fourteenth Amendment rights.

In addition, Plaintiffs Courtney, Schimp and James contend that Defendant Beckwith violated their constitutional rights by improperly denying their request for a legal assistance agreement because they "were found to have been engaging in prohibited UCC activities together." Plaintiffs requested the agreement for purposes of filing the instant complaint.

Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages.

II.     Lack of exhaustion of available administrative remedies

Plaintiffs have failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). In a case brought by multiple prisoners, each prisoner must individually demonstrate exhaustion of his

administrative remedies. The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The Michigan Department of Corrections provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03). In order

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiffs have chosen to forego use of the form complaint in this action.

to properly exhaust, a prisoner must raise each of his claims for the first time at Step I of the grievance process. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. The Court has reviewed hundreds of pages of grievances provided by Plaintiffs. In most instances, Plaintiffs specifically mentioned individual Defendants at Step I and pursued the grievance to Step III. However, while each of the Plaintiffs makes allegations in the complaint against Defendants Caruso and Scott, none of the Plaintiffs named Caruso and Scott in any Step I grievance. Plaintiffs, therefore, failed to exhaust their administrative remedies with regard to Defendants Caruso and Scott. In addition, Plaintiff Courtney does not allege or show that he filed a grievance with regard to his claim that Defendants Howes, Beckwith, Jansen, Baldwin, Smagacz, Lotz, Lawrence and Van Dusen denied him access to his seized legal mail. (*See* Compl., ¶¶ 18(e), 43-44.) Because Plaintiffs have presented both exhausted and unexhausted claims, their action must be dismissed for lack of total exhaustion. *Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

It is not clear whether Plaintiffs may still grieve their unexhausted claims. Under MDOC policy, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss Plaintiffs' action without prejudice.

### III.    Motions

Plaintiffs bring an "Ex Parte Motion for Temporary Restraining Order" (TRO) (docket #2), a motion to supplement the motion for TRO (docket #9) and a motion for injunctive relief (docket #13). Because the Court finds that Plaintiffs' action must be dismissed for failure to exhaust administrative remedies, the motions will be denied as moot.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiffs' action without prejudice because they has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless any Plaintiff

is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If any Plaintiff is barred, he will be required to pay his portion of the $255 appellate filing fee in one lump sum.

        A Judgment consistent with this Opinion will be entered.


Dated: October 19, 2005                                         /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE